UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MERCER,

                    Plaintiff,

          -against-

NEW YORK CITY HOUSING AUTHORITY,

                    Defendant.

22-CV-2271 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity

jurisdiction, alleging violations of his constitutional rights. By order dated April 22, 2022, the

Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment

of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint alleges the following facts. Plaintiff lives in a New York City Housing Authority (NYCHA) housing project in Manhattan. In February 2022, a flyer was posted in the lobby of Plaintiff's building accusing him of being a rapist and drug addict who had been violent with the police, and warning other residents not to ride the elevator with him. According to Plaintiff, the management office of the project posted the flyer, the assertions in the flyer are false, the flyer "tarnished" his name, and it is defamatory. (ECF 2 at 1-2.) A copy of the flyer is attached to the complaint. (*Id.* at 4.) Plaintiff further alleges that "someone" called the police on him; that the police and EMS "broke into" his apartment and took him to the hospital "for no reason"; and that there are no police or medical records of these events (*Id.* at 2.) Plaintiff

invokes the Court's diversity jurisdiction,[1] but also alleges violations of his rights under the Fifth and Fourteenth Amendments, and he seeks $20 billion in damages. (*Id.*)

## DISCUSSION

Because Plaintiff alleges that NYCHA violated his constitutional rights, the Court construes the complaint as asserting a claim under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

When a plaintiff sues a municipality or a municipal entity such as NYCHA under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Deep's of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against NYCHA, the plaintiff must allege facts showing (1) the existence of a NYCHA policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted); *Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 576-

---

[1] Because both Plaintiff and NYCHA are citizens of New York, Plaintiff fails to allege complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

77 (2d Cir. 1989) (holding that Section 1983 claims against NYCHA can only be brought if the alleged deprivation of rights occurred pursuant to NYCHA practice or policy).

The allegations might be liberally construed as a Section 1983 claim under the "stigma-plus" doctrine. Where a plaintiff sues "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "[T]he 'liberty' interest protected by the due process clause includes in certain circumstances the right to contest at a hearing public, stigmatizing governmental accusations that impose a substantial disability." *O'Neill v. City of Auburn*, 23 F.3d 685, 691 (2d Cir. 1994) (relying on *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)).

To establish a liberty interest under the stigma-plus doctrine, "a plaintiff must show (1) 'the utterance of a statement sufficiently derogatory to injure . . . [plaintiff's] reputation, that is capable of being proved false, and that . . . [plaintiff] claims is false,' and (2) 'a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'" *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (citing *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ( "[T]he 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty — for example, the loss of employment, . . . or the 'termination or alteration of some other legal right or status.'" *Velez v. Levy*, 401 F.3d 75, 87-88 (2d Cir. 2005) (citing *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir. 1989) (internal citations omitted)).

Plaintiff alleges that NYCHA posted the flyer containing false statements about him. There is nothing on the flyer linking it to NYCHA, but the Court will assume at this stage that Plaintiff's allegation is true. Plaintiff's allegations do not state a Section 1983 claim against NYCHA because he fails to allege that NYCHA instituted a policy, had a custom, or permitted a

practice that caused the violation of his constitutional rights. In short, , Plaintiff does not allege that the flyer was posted in reliance on a policy, custom, or practice.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not apparent that amendment would be futile, and in light of Plaintiff's *pro se* status, , the Court grants Plaintiff leave to amend his complaint.

## LITIGATION HISTORY

Plaintiff has filed a number of *pro se* matters in this District that have dismissed either for failure to state a claim or for lack of jurisdiction.[2] *See Mercer v. NYCHA*, No. 1:21-CV-10503, 5 (GHW) (S.D.N.Y. Mar. 24, 2022) (dismissing amended complaint for failure to state a claim), *appeal pending*, 22-908 (2d Cir.); *Mercer v. Westchester Med. Ctr.*, No. 1:21-CV-8268, 8 (LTS) (S.D.N.Y. Feb. 22, 2022) (dismissing complaint for failure to state a claim), *appeal pending*, 22-594 (2d Cir.); *Mercer v. Westchester Med. Ctr.*, No. 1:21-CV-2961, 4 (LTS) (S.D.N.Y. May 7, 2021) (dismissing complaint for failure to state a claim), 21-1356 (2d Cir. July 26, 2021) (dismissing appeal as frivolous), *recons. denied* (2d Cir. Aug. 26, 2021); *Mercer v. NYCHA*, No. 1:19-CV-8842, 67 (LGS) (S.D.N.Y. Jan. 22, 2021) (dismissing complaint for lack of subject matter jurisdiction), *appeal pending*, 21-1481 (2d Cir.); *Mercer v. Poland Springs*, No. 1:20-CV-2140, 4 (LLS) (S.D.N.Y. Mar. 20, 2020) (dismissing complaint for lack of subject matter jurisdiction); *Mercer v. New York State Dep't of Financial Servs.*, No. 1:19-CV-8841, 4 (CM)

---

[2] Plaintiff also has a pending case, *see Mercer v. NYCHA*, No. 1:22-CV-3202, 2 (LTS) (pending).

(S.D.N.Y. Oct. 11, 2019) (dismissing complaint for failure to state a claim and on immunity grounds).

In light of this litigation history, the Court finds that Plaintiff should be able to file an amended complaint that satisfies federal pleading rules if sufficient facts exist to state a viable Section 1983 claim. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements).

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-2271 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
   (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                        State                Zip Code

_____
Telephone Number                    Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                               State                     Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                               State                     Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                               State                     Zip Code

Defendant 4: _____

First Name                          Last Name
_____

Current Job Title (or other identifying information)
_____

Current Work Address (or other address where defendant may be served)
_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.