UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT MERCER,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY,

                Defendant.

22-CV-2271 (LJL)

ORDER OF SERVICE

---

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant violated his rights. He sues the New York City Housing Authority (NYCHA). By order dated March 30, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant New York City Housing Authority through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue a summons, complete the USM-285 forms with the address for the New York City Housing Authority, and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   August 3, 2022
         New York, New York

                                          LEWIS J. LIMAN
                                          United States District Judge

## DEFENDANT AND SERVICE ADDRESS

New York City Housing Authority
NYCHA Law Department
90 Church Street, 11ᵗʰ Floor
New York, NY 10007
Attn: Law Department/Service